IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kevin Brown, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Harold Clarke, )<br>    Respondent. ) | 1:16cv340 (LO/JFA) |

MEMORANDUM OPINION

Kevin Brown, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of several theft offenses in the Circuit Court of Stafford County. Before this Court is the respondent's Motion to Dismiss the petition, as well as petitioner's Motion for Summary Judgment.

**I. Background**

On December 22, 2008, petitioner was convicted following a jury trial of one count each of conspiracy to commit larceny, larceny with intent to sell or distribute, felony shoplifting/concealment, and felony petit larceny. He received an aggregate sentence of forty-four (44) years incarceration with twenty-four (24) years suspended, for a total active sentence of twenty (20) years.

On direct appeal, counsel for petitioner moved for leave to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and suggested as arguable support for the appeal that the trial court erred when it imposed an active sentence. In his pro se supplemental petition for appeal, petitioner added claims that the trial court erred when it allowed an unsigned pawn slip into evidence and that the evidence was insufficient to support the convictions. The Court of Appeals

denied the petition for appeal and granted counsel's motion to withdraw. Brown v. Commonwealth, R. No. 0050-09-4 (Va. Ct. App. Oct. 21, 2009). On November 30, 2010, the Supreme Court of Virginia refused a petition for appeal. Brown v. Commonwealth, R. No. 100887 (Va. Nov. 30, 2010).

On January 17, 2011, petitioner filed a pro se petition for a state writ of habeas corpus in the Circuit Court of Stafford County, raising the following claims:

1. He received ineffective assistance of counsel where counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

2. His rights to due process and a fair trial were violated when the trial court admitted testimony about alleged unrelated bad acts.

3. The conviction of larceny with the intent to sell or distribute is void where the record fails to show that the grand jury returned an indictment for that offense.

4. The trial court erred in failing to disqualify a juror who was employed by the establishment that was the victim of the crime.

5. The trial court violated his rights to due process and a fair trial when it allowed the introduction of petitioner's prior sentences.

6. His convictions of shoplifting/concealment and petit larceny, third or subsequent offense violated the double jeopardy prohibition.

Subsequently, counsel for petitioner entered the case, and attempted to amend the petition to add several new claims, among which was the argument that habeas corpus relief was warranted because the jury had not been instructed consistent with Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000) that parole had been abolished in Virginia. The Motion for

Leave to Amend was denied in an interlocutory letter opinion on February 14, 2014, and the circuit court dismissed the petition in its entirety on November 10, 2014. Brown v. Warden, Case No. CL11-62. Petitioner appealed that result, and the Supreme Court of Virginia dismissed and denied the appeal on September 4, 2015. Brown v. Clarke, R. No. 150073 (Va. Sept. 4, 2015).

Petitioner timely filed the instant federal petition on September 18, 2015, raising the following claims:

1. His rights to due process and a fair trial were violated when the trial court admitted testimony about alleged unrelated bad acts.

2. The trial court erred in failing to disqualify a juror who was employed by the establishment that was the victim of the crime.

3. The trial court violated his rights to due process and a fair trial when it allowed the introduction of petitioner's prior sentences.

4. The trial court erred when it did not instruct the jury that parole was abolished in Virginia.

Respondent filed a Motion to Dismiss the petition along with a supporting brief on May 25, 2016, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. Petitioner responded by filing a Motion for Summary Judgment and a supporting brief. Accordingly, this matter is ripe for disposition.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "The procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Thus, an unexhausted claim that would be defaulted if presented in state court is deemed to be simultaneously exhausted and procedurally barred from federal review. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Here, respondent correctly acknowledges that petitioner's claims are exhausted either because they were previously presented to the Supreme Court of Virginia or because they would now be procedurally barred from consideration in the state forum.

### III. Procedural Default

Claims 1 through 3 of this federal petition are procedurally defaulted from federal review. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is

"regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

In Claim 1 of this petition, Brown argues that his rights to due process and a fair trial were violated when the trial court admitted testimony about alleged unrelated bad acts. In Claim 2, he contends that the trial court erred in failing to disqualify a juror who was employed by the establishment that was the victim of the crime. And in Claim 3, Brown asserts that the trial court violated his rights to due process and a fair trial when it allowed the introduction of his prior sentences. When Brown raised these claims of trial court error in his petition for habeas corpus relief to the Stafford County Circuit Court, they were found to be defaulted under the rule of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), which held that a state habeas claim is procedurally barred if the petitioner could have raised it on direct appeal but did not. Brown v. Barksdale, Case No. CL11-62, Final Order at n. 1. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Then when Brown appealed the Final Order denying his state habeas application, the Supreme Court of Virginia found that the assignments of error as to these claims did not address the circuit court's rulings and dismissed the claims pursuant to Rule 5:17(c)(1)(iii). Brown v. Clarke, R. No. 150073. Rule 5:17(c), which requires litigants to brief assignments of error or else risk waiver, see Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999), has been held on numerous occasions

to constitute an independent and adequate ground for relief. See, e.g., Hedrick v. True, 443 F.3d 342 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999). Thus, Claims 1 through 3 of this petition are doubly defaulted, and as petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice, the claims are procedurally barred from federal consideration.

### IV. Merits

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139

F.3d 891 (4th Cir. 1998) (table).

In Claim 4 of this petition, Brown argues that the trial court erred in failing to instruct the jury that parole was abolished in Virginia effective January 1, 1995. To the extent that he argues that this alleged omission violated the Supreme Court of Virginia's holding in Fishback, supra, he states no claim for federal relief, because the Fishback rule is matter only of state law that will not support a § 2254 claim. Moreover, even if petitioner's argument were liberally construed as implicating a federal constitutional guarantee, he still is entitled to no relief. When the claim was presented in the state habeas corpus proceeding, the circuit court held that "this contention is without factual basis. Specifically, the record shows that the jury received this instruction in sentencing. (See Instruction A, Sentencing Proceeding; Tr. 282). Accordingly, this claim would also fail on its merits." Brown v. Barksdale, Case No. CL11-62, Final Order at 4-5. On appeal, the Supreme Court of Virginia refused petitioner's assignment of this ruling as error. Brown v. Clarke, R. No. 150073.

On federal habeas corpus review of a state conviction, the state court's factual findings are presumed to be sound unless petitioner rebuts that presumption by clear and convincing evidence. Lenz v. Washington, 444 F.3d 295 (4th Cir.), cert. denied, 548 U.S. 928 (2006). Here, then, the state court's factual determination that the jury received the instruction in question must be deemed correct. That being so, the rejection of Claim 4 in the state habeas proceeding was neither contrary to nor an unreasonable application of controlling federal law, nor was it based on an unreasonable interpretation of the record facts. Therefore, the same result is compelled here. Williams, 529 U.S. at 412 - 13.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. Petitioner's Motion for Summary Judgment will be denied. An appropriate Order and judgment shall issue.

Entered this 20th day of Dec, 2016.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge